# CHARLES TOWN

MARTIN *et al.* v. COUNTY COURT.

Submitted September 4, 1912.    Decided September 7, 1912.

INTOXICATING LIQUORS—*License—Mandamus.*

> Section 46, chapter 6, Acts of 1909, gives the council of the city of Martinsburg sole power to grant or refuse license to sell intoxicating liquors, in the city or within two miles of its limits, and when it has granted such license the act is mandatory upon the county court to grant a state license.

Application of T. W. Martin and others for writ of *mandamus* to the County Court of Berkeley County.

*Writ Granted.*

*Faulkner, Walker & Woods* and *H. H. Emmert,* for petitioners.

*A. B. Noll* and *A. C. Nadenbousch,* and *Marshall McCormick,* for respondent.

BRANNON, PRESIDENT:

On the 10th day of June, 1912, the council of the City of Martinsburg granted to T. W. Martin a license to sell at retail spirituous liquors at the Berkeley hotel in that city. On the 11th day of July, 1912, said Martin presented to the county court of Berkeley county a certified copy of the order of the city council granting such license and asked the court to grant him a state license to sell such liquors at said hotel. The county court entered an order stating such application to it for such state license, and the council grant, and stating that Martin had paid the tax and complied with all the require-

ments of law in relation to the matter, and refusing to grant such state license. Said Martin now asks this Court to grant him a writ of *mandamus* against the county court requiring it to grant such state license.

The case involves the construction of section 46, of chapter 6, of the Acts of the Legislature of 1909, the present charter of Martinsburg. That section says that whenever anything for which a state license is required to be done within that city its authorities may require a license. A power of revocation of license is also given the city. This gives the licensing power to the city, indicating intent to give this populous important municipality an autonomy or self governing power as to this matter. This clause is followed by the language, "And no license to sell strong or spirituous liquors, or wine, or beer, ale, porter or drinks of like nature, within said city, or within two miles of the corporate limits thereof, shall be granted by the county court of Berkeley county, unless the person applying therefor shall produce to said county court the certificate of the council of the city that said council has granted a city license authorizing said person to sell as aforesaid; and upon the production of said certificate before said county court, said court shall grant a state license to sell as aforesaid to said person, upon his compliance with all the requirements of law in relation thereto."

Here is plainly further manifested a purpose to vest in the city the sole power to grant or refuse such license. We do not deem it necessary to further discuss the case, or go over the numerous points made in argument, as we are of the unanimous opinion that this case is ruled by the case of *Ward & Co.* v. *County Court,* 51 W. Va. 102.

Therefore, we award the *mandamus.*

*Writ Granted.*